## HOUSEHOLD PRODUCTS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44809.   Promulgated November 4, 1931.

*O. H. Chmillon, Esq., J. Robert Sherrod, Esq.,* and *Ewing Everett, Esq.,* for the petitioner.

*Eugene Meacham, Esq.,* and *C. E. Lowery, Esq.,* for the respondent.

McMAHON: During 1926 the petitioner received certain refunds from the Government by virtue of overpayments of its taxes for 1920 and 1921. Interest on said overpayments, computed under section 1116 of the Revenue Act of 1926, amounts to $18,226.56 for 1920 and $24,773.49 for 1921, which said amounts have been included in petitioner's gross income for 1926.

Petitioner contends that, since it keeps its books on the accrual basis, the interest on the 1920 overpayment should be accrued ratably from the date of overpayment until November 2, 1925, when respondent allowed the refund, and that all of said interest, $18,226.56, accrued prior to 1926, and, therefore, no part thereof constitutes taxable net income for said year. In the alternative, petitioner contends that the interest accrued in its entirety on November 2, 1925, when respondent approved and scheduled the overassessment. As to interest on the 1921 overpayment, petitioner contends that $22,734.24 thereof accrued prior to January 1, 1926, and does not, therefore, constitute taxable net income for 1926.

Section 1116 of the Revenue Act of 1926, hereinabove referred to, provides that:

(a) Upon the allowance of a * * * refund of any internal-revenue tax * * * interest shall be allowed and paid on the amount of such * * * refund at the rate of 6 per centum per annum from the date such tax, penalty, or sum was paid to the date of the allowance of the refund * * *.

The date of the allowance of the refund is defined in subdivision (b) of said section as the " first date on which the Commissioner signed the schedule of overassessments in respect thereof."

The language used by the Congress in providing for interest in the above quoted portions of section 1116, in our opinion, indicates that prior to the allowance of the refund there was no liability for interest running from the Government to a taxpayer. It is only upon the allowance of the refund that interest in any sum is to be allowed. Therefore, prior to November 2, 1925, there was no interest due from the Government which the taxpayer could have accrued as income on its books of account.

This interpretation of section 1116 is supported by language contained in the decision of the Court of Claims in *Hind* v. *United States*, 41 Fed. (2d) 892, wherein taxpayer was suing for additional interest on refunds of 1918 and 1919 income taxes, basing his contention on the Supreme Court's decision in *Girard Trust Co.* v. *United States*, 270 U. S. 163; whereas the Commissioner, relying on section 1116 of the Revenue Act of 1926, had reduced the amount

of interest which taxpayer would have received under the Supreme Court's decision in the *Girard Trust Co.* case. In the *Hind* case the court, after stating that the plain purpose of section 1116 of the 1926 Act was to shorten the interest period, said (p. 895):

Except as given by Congress, plaintiff had no right to interest; nor did he have a right to maintain a suit for the recovery of interest that could not be taken away, even though such suit had been authorized by existing law at the time it was commenced. *The allowance of interest by the soverign is a matter of grace, depending upon its consent, which it can withdraw or modify at any time.* [Italics supplied.]

In *Brooklyn Union Gas Co.,* 22 B. T. A. 507, we considered both the accrual of income and the accrual of deductions, and with respect to each class of accruals we held that the taxpayer was required to follow a consistent practice in order to clearly reflect its income. Speaking with respect to the accrual of income, we said (p. 524):

We think that a taxpayer on an accrual basis who renders service in a taxable year and asserts in that year a right to payment in a given amount is then chargeable with income in that amount if, at the close of that year, all of those conditions have been met, all those things done, which give rise to the right asserted, irrespective of the fact that the right may be contested and ultimate collection may be postponed until some future year. In such case the right to receive the income is a right then perfected and the litigation later concluded merely determines the right as having existed in the former year.

Likewise, in that case we discussed our decisions " in the so-called *Federal Control Cases*, in which properties of railroad companies were taken for public use under act of Congress (40 Stat. 451) providing that just compensation be paid for such use," and pointed out that there was no material difference in the questions presented, because the right of the railroads to just compensation was guaranteed by the act providing for their control and by the Federal Constitution. In the *Federal Control Cases* (one of which, the *Texas Pacific Railway Co.* case, is hereinafter more fully considered), we held that the rentals represented income to the companies accruable for the years in which the Government's obligation to make and the taxpayer's right to receive payment arose.

In the instant proceeding the Government's obligation to pay interest on refunds, and the taxpayer's right to receive such interest, arose at the moment the respondent signed the schedule of overassessment, section 1116, *supra.* Prior to that time there was no liability on the part of the Government to pay interest, because the allowance of interest is based specifically upon the final determination of the respondent that a refund should be granted. If the taxpayer

were entitled to interest on all refunds as a matter of right, the petitioner's position would be stronger, but, as quoted above, "the allowance of interest by the sovereign is a matter of grace," and until the statutory requirements are fulfilled, that is, until there is a final decision by respondent, the taxpayer has no right to interest and the Government has no liability with respect thereto. In this connection it should be noted that prior to the enactment of section 1324 of the Revenue Act of 1921, which is the prototype of section 1116, there were no provisions in the revenue acts authorizing the payment of interest on refunds.

We have examined the cases replied upon by the petitioner, *Texas & Pacific Railway Co.*, 9 B. T. A. 365, 373; *Southeastern Express Co.*, 19 B. T. A. 490, and *United States* v. *Anderson*, 269 U. S. 422, but we are of the opinion that those cases are not helpful in determining the present issue. In the *Southeastern Express Co.* case the taxpayer accrued certain claims which it had against the American Express Company and reported them as income in 1921. The claims were resisted, and three years later the Supreme Court decided that the amounts were properly claimed and should be paid. We held that the amount of said claims represented income in the year accrued, and not in the year 1924, when the matter was finally determined. In the *Texas Pacific Railway* case the taxpayer claimed as a part of its compensation interest on betterments and improvements which was determined and allowed by the Director General of Railroads in 1923 for the years 1918 and 1919. We held that the said interest, which had been accrued, constituted taxable income for the years 1918 and 1919. In both of these cases it should be noted that income was accrued by the taxpayers on their books of account as a result of services rendered, or as the result of a contractual liability, despite the fact that the exact amount of said income was undetermined until subsequent years, whereas in the instant case there was no accrual of interest as income by the petitioner. Cf. *United States* v. *Anderson, supra.*

In view of the foregoing we are of the opinion that while petitioner can not accrue the interest ratably over the several years, it is entitled to accrue the $18,226.56 item as income on November 2, 1925, which is the relief sought in petitioner's alternative contention as to interest on the 1920 refund. With respect to the interest on the 1921 refund, the respondent properly included it in petitioner's taxable income for 1926, since the schedule of overassessment was approved by the Commissioner on or about April 14, 1926.

Reviewed by the Board.

*Decision will be entered under Rule 50.*